UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAINT ANTHONY'S MEDICAL CENTER,  )
                                 )
        Plaintiff,               )
                                 )
    v.                           )  Case No. 1:07CV00260 (RMU)
                                 )
MICHAEL O. LEAVITT, Secretary,   )
    U.S. Department of Health    )
    and Human Services,          )
                                 )
        Defendant.               )
_____)

## ANSWER

Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary"), by and through his undersigned counsel, answers Plaintiff's Complaint for Judicial Review of Agency Action ("the Complaint") as follows:

### FIRST DEFENSE

Plaintiff's claims arise solely under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq. ("the Medicare statute"), and the Court's subject matter jurisdiction is limited to review of any final agency actions that are within the scope of 42 U.S.C. § 1395oo(f)(1).

### SECOND DEFENSE

Plaintiff's claims for additional reimbursement under the Medicare program are barred on the grounds of estoppel, laches, statute of limitations, and waiver.

## THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Using the same numbered paragraphs as the Complaint, the Secretary answers Plaintiff's allegations in the numbered paragraphs of the Complaint as follows:

1. This paragraph contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

2. Denies, except to admit that this action arises solely under the Medicare statute.

3. Denies, except to admit that Plaintiff's claims arise solely under the Medicare statute, and the Court's subject matter jurisdiction is limited to review of any final agency actions that are within the scope of 42 U.S.C. § 1395oo(f)(1).

4. Admits.

5. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; to the extent a response is deemed necessary, denies.

6. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of this paragraph, except to admit that Saint Anthony's Health Center is located in Alton, Illinois; to the extent a further response is deemed necessary, denies the first and second sentences.

Admits the third sentence. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence, except to admit that Plaintiff operated a hospital-based skilled nursing facility ("SNF") for cost reporting periods ending December 31, 1991 and December 31, 1992; to the extent a further response is deemed necessary, denies the fourth sentence.

    7. Denies the first sentence of this paragraph, except to admit that Defendant Michael O. Leavitt is the Secretary of Health and Human Services, and that Defendant is sued in his official capacity. Admits the second sentence. Denies the third sentence, except to admit that the Secretary has delegated considerable authority for program administration to the Administrator of the Centers for Medicare & Medicaid Services ("CMS") and that on June 29, 2001, the Secretary changed the name of the Health Care Financing Administration to the Centers for Medicare & Medicaid Services, 66 Fed. Reg. 35,437 (July 5, 2001). Admits the fourth and fifth sentences.

    8. Admits.

    9. Denies, except to admit that the Secretary is principally responsible for administration of the Medicare program, and Defendant has delegated considerable authority for program administration to the Administrator of CMS. Defendant avers that on June 29, 2001, the Secretary changed the name of the Health Care Financing Administration to the Centers for Medicare & Medicaid Services, 66 Fed. Reg. 35,437 (July 5, 2001).

10. Admits.

11. This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to 42 C.F.R. §§ 413.65(a)(1)(ii)(D) for a full and accurate statement of its contents regarding determination of provider-based status for SNFs.

12-15. These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to 42 U.S.C. §§ 1395f(b), 1395x(v)(1)(A), and 42 C.F.R. Part 413 for a full and accurate description of Medicare's cost-based reimbursement system.

16. This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. By way of further answer, the Secretary respectfully refers the Court to 51 Fed. Reg. 11,234 (Apr. 1, 1986) for a full and accurate description of the routine cost limits for SNFs for periods prior to 1984.

17. This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to 51 Fed. Reg. 11,234, 11,238-39 (Apr. 1, 1986)

and 51 Fed. Reg. 11,253, 11,254 (Apr. 1, 1986) for a full and accurate description of the market basket index for the routine cost limits for SNFs.

18. This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to 42 C.F.R. §§ 413.24(f), 405.1803 for a full and accurate description of the function of the Medicare cost report, and the notice of program reimbursement ("NPR") issued by a fiscal intermediary to a participating provider, respectively; to 42 C.F.R. §§405.1885-405.1889 for a full and accurate description of the procedures for the reopening of reimbursement determinations and decisions; and to 51 Fed. Reg. 11,234, 11,238-39 (Apr. 1, 1986), and 51 Fed. Reg. 11,253, 11,254 (Apr. 1, 1986), for a full and accurate description of procedures for the adjustment of SNF cost limits based on revisions to the market basket index.

19-22. These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the cited provisions of the Medicare regulations and the cited Federal Register documents for a full and accurate statement of their provisions for exceptions to the routine cost limits.

23-25. These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the cited provisions of the Medicare statute and

legislative history, and to the cited Medicare regulations and program manual provisions, for a full and accurate statement of their contents regarding routine cost limits for SNFs and exceptions to the cost limits.

26. This paragraph contains a conclusion of law, not an allegation of fact, and thus no response is required. To the extent a response is deemed necessary, denies.

27. This paragraph contains Plaintiff's characterization of two letters dated April 25, 1997, from Plaintiff to the fiscal intermediary, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the two April 25, 1997, letters, with enclosures (see Administrative Record ("A.R.") 90-95, 172-77), which is the best evidence of their contents, for a full and accurate statement of their contents. By way of further answer, the third sentence also contains Plaintiff's characterization of two letters dated October 31, 1996, from the fiscal intermediary to Plaintiff, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the two letters (see A.R. 53-88, 135-70), which is the best evidence of their contents, for a full and accurate statement of their contents.

28. This paragraph contains Plaintiff's characterization of a letter dated May 21, 1997, from the fiscal intermediary to CMS, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully

refers the Court to the full text of the May 21, 1997, letter (see A.R. 222-24), which is the best evidence of its contents, for a full and accurate statement of its contents.

29. The first, second, and third sentences of this paragraph contain Plaintiff's characterization of a letter dated July 18, 1997, from the fiscal intermediary to Plaintiff, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the July 18, 1997, letter (see A.R. 225), which is the best evidence of its contents, for a full and accurate statement of its contents. The fourth sentence contains Plaintiff's characterization of a letter dated October 14, 1997, from CMS to the fiscal intermediary, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the October 14, 1997, letter (see A.R. 227-28), which is the best evidence of its contents, for a full and accurate statement of its contents. The fifth sentence contains conclusions of law, not allegations of fact, to which no response is required; to the extent a response is deemed necessary, denies. The sixth sentence contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

30. The first sentence of this paragraph contains Plaintiff's characterization of a letter dated December 15, 1997, from Plaintiff to the Provider Reimbursement Review Board ("PRRB"), not allegations of fact, and thus no response is required; to the extent a

response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the December 15, 1997, letter (see A.R. 332-36), which is the best evidence of its contents, for a full and accurate statement of its contents. The second and third sentences contain conclusions of law, not allegations of fact, to which no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to 42 U.S.C. § 1395oo and 42 C.F.R. Part 405, Subpart R, for a full and accurate description of the exclusive process for administrative and judicial review of provider reimbursement disputes.

31. This paragraph contains Plaintiff's characterization of an interim decision of the PRRB dated June 5, 2006, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the PRRB's June 5, 2006, interim decision (see A.R. 19-25; see also Complaint, Exhibit A (same)), which is the best evidence of its contents, for a full and accurate statement of its contents.

32. This paragraph contains Plaintiff's characterization of a letter dated October 18, 2006, from CMS's Attorney Advisor to Plaintiff and to the fiscal intermediary, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the October 18, 2006, letter (see A.R. 9-10), which is the best evidence of its contents, for a full and accurate statement of its contents.

33. This paragraph contains Plaintiff's characterizations of the final decision of the Administrator of CMS dated November 22, 2006, and a letter from CMS's Attorney Advisor to Plaintiff dated November 29, 2006, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the CMS Administrator's November 22, 2006, final decision (see A.R. 2-8; see also Complaint, Exhibit B (same)), and the full text of the November 29, 2006, letter (see A.R. 1), which is the best evidence of their contents, for a full and accurate statement of their contents. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that it received the CMS Administrator's November 22, 2006, final decision on December 4, 2006; to the extent a response is deemed necessary, denies.

34-35. These paragraphs contain Plaintiff's characterization of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

36. The first sentence of this paragraph contains Plaintiff's characterization of the PRRB's interim decision dated June 5, 2006, and of the CMS Administrator's final decision dated November 22, 2006, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies the first sentence. The Secretary respectfully refers the Court to the full text of the PRRB's June 5, 2006, interim decision (see A.R. 19-25), and the full text of the CMS Administrator's November 22,

2006, final decision (see A.R. 2-8), which is the best evidence of their contents, for a full and accurate statement of their contents. The second sentence contains conclusions of law, not allegations of fact, to which no response is required; to the extent a response is deemed necessary, denies. The third sentence contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

37-39.    These paragraphs contain conclusions of law, not allegations of fact, to which no response is required; to the extent a response is deemed necessary, denies.

40-43.    These paragraphs contain Plaintiff's prayer for relief, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

Except to the extent expressly admitted or qualified above the Secretary denies each and every allegation in the Complaint.

The Secretary respectfully requests the Court to enter judgment affirming the validity of the challenged agency actions, dismissing the Complaint and action with prejudice, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary is filing separately the certified one-volume administrative record for this action.

June 26, 2007

Respectfully submitted,

/s/
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

/s/
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220
Facsimile: (202) 514-8780


/s/
SUSAN MAXSON LYONS
D.C. Bar No. 434249
Attorney
U.S. Department of Health and
  Human Services
Office of the General Counsel
Room 5309 Cohen Building
330 Independence Ave., S.W.
Washington, D.C. 20201
(202) 619-3802
Facsimile: (202) 401-1405

Counsel for Defendant