**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| ST. ANTHONY'S HEALTH CENTER, | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | | |
| v. | : | Civil Action No.: | 07-0260 (RMU) |
| | : | | |
| MICHAEL O. LEAVITT, Secretary, | : | Document Nos.: | 12, 13 |
| U.S. Department of Health | : | | |
| and Human Services, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

This matter comes before the court on the parties' cross motions for summary judgment.

The plaintiff is a hospital that facilitates and operates a skilled nursing facility ("SNF"). The

defendant, the Secretary of the United States Department of Health and Human Services, is

responsible for the administration of the Medicare program, including reimbursing SNFs for

reasonable costs incurred in treating Medicare patients. The plaintiff alleges that the defendant

denied it approximately $500,000 in reasonable costs in 1991 and 1992 when he refused to

recognize as timely its exception requests to revised notices of program reimbursement

("NPRs"). Because the court gives substantial deference to the defendant's decision and because

the plaintiff has not shown that the defendant violated the Administrative Appeals Act ("APA"),

it grants the defendant's motion for summary judgment.

## II.  FACTUAL & PROCEDURAL BACKGROUND

Medicare is a federal health insurance program covering patients who are at least 65 years of age and are disabled.  42 U.S.C. § 1395i-2(a).  The plaintiff provides SNF services to Medicare patients.  Compl. ¶ 6.  These services are covered under the Medicare statute.  42 U.S.C. § 1395d(a)(2).  The defendant is responsible for determining the amounts payable to SNFs for providing these services to Medicare patients.  42 U.S.C. § 1395g(a).  The defendant delegates management of the Medicare program to the Centers for Medicare and Medicaid Services ("CMS"),[1] an agency within the Department of Health and Human Services.  42 C.F.R. §§ 405.500, *et seq.*   In addition, the defendant contracts with private organizations to act as fiscal intermediaries charged with making initial reimbursement determinations.  42 U.S.C. § 1395h(a); 42 C.F.R. § 400.202.  SNFs are eligible to receive reimbursement for reasonable costs expended in providing services to Medicare patients.  42 U.S.C. § 1395d(a)(2).  A "reasonable cost" is a cost "actually incurred, excluding therefrom any part of incurred cost found to be unnecessary in the efficient delivery of needed health services."  42 U.S.C. § 1395x(v)(1)(A).  To assist in determining reasonable costs, Congress authorized the defendant to establish routine per diem cost limits ("cost limits") above which SNFs may not receive reimbursement.  *Id.*

Every fiscal year an SNF must provide a report to the fiscal intermediary outlining its costs for the previous year and the portion of those costs used to treat Medicare patients.  42 C.F.R. § 413.20.  Upon review of the report, the fiscal intermediary issues an NPR to the SNF indicating the amount of reimbursement.  42 C.F.R. § 405.1803.  The disbursement decisions are

---

[1]      CMS was formerly the Health Care Financing Administration.

made using an estimated market basket index based on forecasts and economic trends.[2] Joint

Appendix ("J.A.") at 21.  If the SNF believes it is eligible to receive an exception for payment

above the cost limit, it must file an exception request with the fiscal intermediary within 180

days of the issuance of the NPR.  42 C.F.R. § 413.30(c).  Once the fiscal year ends and the actual

market basket index is calculated, fiscal intermediaries will issue revised NPRs "if the market

basket index for a fiscal year differs from the estimated rate of change by at least 0.3 of one

percentage point."  J.A. at 21.

The fiscal intermediary issued initial NPRs to the plaintiff on September 2, 1993, for the

1991 fiscal year, and on April 1, 1994, for the 1992 fiscal year.  Pl.'s Mot. for Summ. J. ("Pl.'s

Mot.") at 10.  For both fiscal years the plaintiff's costs exceeded the cost limit but the plaintiff

did not request exceptions.  J.A. at 6; Pl.'s Resp. to Def.'s Statement of Material Facts ("Pl.'s

Resp. to Facts") ¶ 4-5.  On October 31, 1996, the fiscal intermediary issued the plaintiff revised

NPRs for fiscal years 1991 and 1992.  *See* J.A. at 53-88, 135-39.  These were based on a revised

market basket index for those years.  *Id.* at 6.  The plaintiff filed exception requests to the revised

NPRs within 180 days.  *Id.* at 7.  The intermediary granted the plaintiff exceptions to the cost

limit, but only for the "incremental increase in the amount of the costs that exceeded the cost

limit between the original NPR and the revised NPR."[3]  *Id.*  This represented only a small

fraction of the plaintiff's costs the exceeded the cost limit.

---

[2]     The market basket index is used to determine the cost limits against which the SNFs reported
costs will be measured to calculate the amount that will be reimbursed.  J.A. at 21.

[3]     For instance, in 1991 the plaintiff's actual costs exceeded the cost limit as described in the initial
NPR by $59.05 a day.  Under the revised NPR the plaintiff's actual costs exceeded the cost limit
by $62.46 per day.  Def.'s Mot. for Summ. J. ("Def.'s Mot.") at 9.  The exception request granted
by the intermediary allowed for the plaintiff to recoup $3.41 per day ($62.46-$59.05).  Def.'s
Mot. at 10.

The plaintiff appealed that decision to the Provider Reimbursement Review Board ("PRRB" or "the Board") pursuant to 42 U.S.C. § 1395oo(a) and 42 C.F.R. § 405.1835.  J.A. at 26-40.  The PRRB determined that "there is no basis to limit a provider's exception request made from a revised NPR."  *Id.* at 24.  The defendant reversed this decision stating that "a revised NPR does not give a provider new appeal rights for costs that could have been appealed under the original NPR."  *Id.* at 7.

The plaintiff filed a complaint in this court for review of the defendant's decision.  The defendant answered the complaint and the parties subsequently filed cross motions for summary judgment.  Put simply, the defendant maintains that an exception request made to a revised NPR will not cover costs that could have been appealed from the initial NPR.  Def.'s Mot. at 26-34.  The plaintiff counters that the regulation governing exceptions to the cost limits allows for SNFs to appeal the entire amount of its exception request from a revised NPR, even if it did not request an exception from the initial NPR.  Pl.'s Mot. at 20-21.  The plaintiff also argues that an invalid Provider Reimbursement Manual provision ("PRM § 2534.5") was used in determining the cost limit.  *Id.* at 16-17.  The defendant contends that the plaintiff did not raise this issue at the administrative level and is barred from arguing it before this court.  Def.'s Mot. at 17-21.

## III.  ANALYSIS

### A.  Legal Standard for APA Review of the Board's Decision

Pursuant to the Medicare statute, this court reviews PRRB decisions in accordance with standard of review set forth in the APA.  42 U.S.C. § 1395oo(f)(1); *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994); *Mem'l Hosp./Adair County Health Ctr., Inc. v. Bowen*, 829

F.2d 111, 116 (D.C. Cir. 1987).  The Administrative Procedures Act ("APA") requires a

reviewing court to set aside an agency action that is "arbitrary, capricious, an abuse of discretion,

or otherwise not in accordance with law" or "unsupported by substantial evidence in a case . . .

otherwise reviewed on the record of an agency hearing provided by statute."  5 U.S.C. §

706(2)(A), (E).  The arbitrary-and-capricious standard and the substantial-evidence standard

"require equivalent levels of scrutiny."[4]  *Adair County*, 829 F.2d at 117.  Under both standards,

the scope of review is narrow and a court must not substitute its judgment for that of the agency.

*Motor Veh. Mfrs. Ass'n v. State Farm Mutual Ins. Co.*, 463 U.S. 29, 43 (1983); *Gen. Teamsters*

*Local Union No. 174 v. Nat'l Labor Relations Bd.*, 723 F.2d 966, 971 (D.C. Cir. 1983).  As long

as an agency has "examined the relevant data and articulated a satisfactory explanation for its

action including a rational connection between the facts found and the choice made," courts will

not disturb the agency's action.  *Md. Pharm., Inc. v. Drug Enforcement Admin.*, 133 F.3d 8, 16

(D.C. Cir. 1998).  The burden of showing that the agency action violates the APA standards falls

on the provider.  *Diplomat Lakewood Inc. v. Harris*, 613 F.2d 1009, 1018 (D.C. Cir. 1979); *St.*

*Joseph's Hosp. (Marshfield, Wis.) v. Bowen*, 1988 WL 235541, at *3 (D.D.C. Apr. 15, 1988).

In reviewing an agency's interpretation of its regulations, the court must afford the agency

substantial deference, giving the agency's interpretation "controlling weight unless it is plainly

---

[4]       The D.C. Circuit has explained that the substantial-evidence standard is a subset of the arbitrary-
and-capricious standard.  *Sithe/Indep. Power Partners v. Fed. Energy Regulatory Comm'n*, 285
F.3d 1, 5 n.2 (D.C. Cir. 2002).  "While the substantial evidence test concerns support in the
record for the agency action under review, the arbitrary and capricious standard is a broader test
subsuming the substantial evidence test but also encompassing adherence to agency precedent."
*Mem'l Hosp./Adair County Health Ctr. V. Bowen*, 829 F.2d 111, 117 (D.C. Cir. 1987).

erroneous or inconsistent with the regulation."[5] *Thomas Jefferson*, 512 U.S. at 512 (internal

quotations omitted); *Presbyterian Med. Ctr. of Univ. of Pa. Health Sys. v. Shalala*, 170 F.3d

1146, 1150 (D.C. Cir. 1999); *see also Qwest Corp. v. Fed. Commc'ns Comm'n*, 252 F.3d 462,

467 (D.C. Cir. 2001) (stating that the court would reverse an agency's reading of its regulations

only in cases of a clear misinterpretation). "So long as an agency's interpretation of ambiguous

regulatory language is reasonable, it should be given effect." *Wyo. Outdoor Council v. U.S.*

*Forest Serv.*, 165 F.3d 43, 52 (D.C. Cir. 1999). Where the regulations involve a complex, highly

technical regulatory program such as Medicare, broad deference is "all the more warranted."

*Thomas Jefferson*, 512 U.S. at 512 (internal quotations omitted); *Presbyterian Med. Ctr.*, 170

F.3d at 1151. As for interpretive guides, they are without the force of law but nonetheless are

entitled to some weight. *Furlong v. Shalala*, 156 F.3d 384, 393 (2d Cir. 1998).

 Generally, for a court to have jurisdiction over claims seeking judicial review of an

agency action under the APA, it must determine that the action is final. *Cobell v. Norton*, 240

F.3d 1081, 1095 (D.C. Cir. 2001); *see also Ticor Title Ins. Co. v. Fed. Trade Comm'n*, 814 F.2d

731, 746 n.2 (D.C. Cir. 1987) (noting that the finality requirement also applies to "agency action

made reviewable by statute"). A final agency action "(1) 'marks the consummation of the

agency's decision making process – it must not be of a merely tentative or interlocutory nature';

and (2) the action 'must be one by which rights or obligations have been determined or from

which legal consequences will flow.'" *Domestic Secs. v. Secs. & Exch. Comm'n*, 333 F.3d 239,

246 (D.C. Cir. 2003) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)). A court therefore

must consider "whether the agency's position is definitive and whether it has a direct and

---

[5]     "[A court's] review in such cases is 'more deferential . . . than that afforded under *Chevron*.'"
*Wyo. Outdoor Council v. United States Forest Serv.*, 165 F.3d 43, 52 (D.C. Cir. 1999) (quoting
*Nat'l Med. Enters. Inc. v. Shalala*, 43 F.3d 691, 697 (D.C. Cir. 1995)).

immediate effect on the day-to-day business of the parties." *Indep. Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 595-96 (D.C. Cir. 2001).

### B.  There is No Final Action Regarding the Applicability of PRM § 2534.5 and the Issue is Not Ripe for Review in this Case

The plaintiff argues that PRM § 2534.5 – indisputably applied in determining the applicable cost limit – was issued in violation of the APA because of a lack of notice and comment rulemaking.  Pl.'s Mot. 16-17.  Both the PRRB decision in favor of the plaintiff and the defendant's overruling decision are void of discussion and conclusion on the legality and applicability of PRM § 2534.5.  *See generally* J.A. at 2-8, 19-25.  Indeed, the plaintiff did not even raise the issue in its "Revised Position Papers" submitted to the PRRB.  J.A. at 26-40, 101-15.  There is, therefore, no final agency action on the topic and it is not ripe for review in this court.  *Cobell*, 240 F.3d at 1095 (explaining that "if there is no agency action, there is no basis for review of the government's decision or policy").

### C.  The Defendant's Interpretation of 42 C.F.R. § 413.30 is Entitled to Substantial Deference

In support of its request for this court to overturn an agency decision, the plaintiff argues that the plain language of the regulation allows it to appeal the revised NPRs for the full amount.  Pl.'s Mot. at 18-22.  The defendant maintains that his interpretation is reasonable, is owed substantial deference and is supported by the record.  Def.'s Mot. at 22-41.

The plaintiff asserts that this Circuit's decision in *HCA Health Services v. Shalala*, 27 F.3d 614 (D.C. Cir. 1994) is controlling.  In that case, the court determined that when a fiscal intermediary reopens its original decision regarding reimbursement, the PRRB is limited to reviewing the specific issues revisited on reopening and not all matters surrounding the original

7

reimbursement decision. Pl.'s Mot. at 20. Nearly three years after the fiscal year in question, but within the statutory time limit, the fiscal intermediary notified HCA that it would reopen program reimbursement determinations and issue revised NPRs for a variety of reasons. *HCA Health Servs.*, 27 F.3d at 615. HCA filed a timely appeal of the revised NPRs but also addressed issues raised in the initial NPRs, but not the revised NPRs. *Id.* HCA argued that the considerations resulting in the revised NPRs affect the total reimbursement for the fiscal year and therefore all considerations affecting reimbursement for that year were ripe for appeal. *Id.* The PRRB held that it did not have jurisdiction to review matters raised in the initial NPRs but not the revised NPRs as the appeal was not timely filed on those issues. *Id.* Reviewing the Board's decision, the court did "not think it impermissible for the Secretary to interpret the 'intermediary determination' on reopening as limited to the particular matters revisited on the second go-around." *Id.* at 620. The plaintiff analogizes its situation to *HCA* by arguing that here, adjusting the cost limit was the very reason for the "second go-around," and therefore, the entire cost limit was ripe for review. Pl.'s Mot. at 20. The plaintiff is not actually challenging the method used to determine the actual market basket index.[6] Def.'s Mot. at 36; *see generally* Compl.; Pl.'s Mot. The plaintiff is simply arguing that it should have been allowed to appeal the *entire* reimbursement determination from the revised NPR. Pl.'s Mot. at 18-22. What is really at issue here is the application of the exception request process and not the methodology used in determining the cost limit. The plaintiff had the opportunity to appeal the original application of the cost limit upon receipt of the initial NPR and failed to do so. The agency's decision is

---

[6]     Although in its motion the plaintiff briefly argues against the applicability of PRM § 2534.5, that issue is not ripe for review. *See* Section B, *supra*.

accordingly not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  5 U.S.C. § 706(2)(A), (E).

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motion for summary judgment, denies the plaintiff's motion for summary judgment.  An order consistent with this memorandum opinion is separately and contemporaneously being issued this 30th day of September 2008.


RICARDO M. URBINA
United States District Judge